MITCHELL A. KARLAN (*pro hac vice* forthcoming)
mkarlan@gibsondunn.com
AVI WEITZMAN (*pro hac vice* forthcoming)
aweitzman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

CASSANDRA L. GAEDT-SHECKTER, SBN 280969
cgaedt@gibsondunn.com
WESLEY SZE, SBN 306715
wsze@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94303-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

*Attorneys for Movant John Doe*

RECEIVED
2020 AUG 13 P 3:30
CLERK US DISTRICT COURT
N.D. DIST. OF CA.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

VKD

IN RE RULE 45 SUBPOENAS ISSUED TO GOOGLE LLC AND LINKEDIN CORPORATION DATED JULY 23, 2020

Case No. CV 20 80141 MISC

**NOTICE OF MOTION AND MOTION OF JOHN DOE MOVANT TO QUASH SUBPOENAS TO GOOGLE LLC AND LINKEDIN CORPORATION**

## NOTICE OF MOTION AND MOTION

**TO THE COURT, PLAINTIFF, THIRD PARTIES, AND ALL THEIR COUNSEL, PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 45(d), movant John Doe[1] hereby moves to quash the subpoenas issued to Google LLC ("Google") and LinkedIn Corporation ("LinkedIn"), dated July 23, 2020 (the "Subpoenas"). A copy of the Subpoenas is attached as Exhibit C and Exhibit D to the Declaration of Avi Weitzman in Support of Doe's Motion to Quash ("Weitzman Decl."), filed concurrently herewith.

The Subpoenas unquestionably violate Doe's First Amendment rights to speak freely and anonymously. Doe exercised those rights by sending pseudonymous e-mails to select customers of Spider Labs, Ltd. ("Spider Labs"), a Japanese corporation that sells cybersecurity software that purports to prevent digital advertising fraud ("Ad Fraud"). In those e-mails, Doe informed Spider Labs's customers of Doe's opinions regarding the company's false accreditation and inadequate technology, and requested a quote for an article Doe was preparing to publish. In an effort to chill Doe's exercise of free speech rights, Plaintiff has now filed a lawsuit against Doe in the Southern District of New York, captioned *Spider Labs, Ltd. v. Doe*, No. 20-5457 (S.D.N.Y. filed July 16, 2020). Through that lawsuit, Plaintiff issued the Subpoenas, which ask Google and LinkedIn to disclose personal identifying information regarding Doe, in an effort to discover Doe's identity. This is precisely the harm that led Doe to speak anonymously in the first instance. These Subpoenas directly undermine Doe's First Amendment right to speak freely and anonymously about matters of public concern. Accordingly, this Court should quash the Subpoenas.

This Motion is based upon this Notice of Motion and Motion to Quash, the accompanying declaration of Avi Weitzman and the exhibits attached thereto, and other matters and argument that the Court may consider. In particular, because Plaintiff's counsel did not provide a copy of all the Subpoenas until August 11—three days before the purported subpoena return date of August 14—Doe has not had a reasonable opportunity to prepare a full memorandum of points and authorities and evidentiary submission to support the Motion. Doe submits this Motion to put Plaintiff and the

---

1 John Doe has used a pseudonym, "Jeff Katzenberg," in relevant communications. We refer to our client as John Doe in this Motion to preserve the movant's anonymity.

subpoenaed third parties on notice of Doe's objections to the Subpoenas, and without waiver of any of Doe's arguments and opportunity to submit a memorandum of points and authorities, evidence, and other materials at an appropriate time and in accordance with a reasonable briefing schedule that this Court may set.

* * *

Federal Rule of Civil Procedure 45 authorizes this Court to quash a subpoena if the subpoena "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).[2] Because the subpoenaed records are related to accounts that are owned or used by Doe, Doe is the "person who possesses the right" and therefore has standing to file this Motion to protect those rights. *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004); *see also, e.g.*, *Art of Living Found. v. Does 1–10*, No. 10-5022-LHK, 2011 WL 5444622, at *2 (N.D. Cal. Nov. 9, 2011) (anonymous speaker has right to move to quash subpoena that sought to unmask speaker's identity); *Sines v. Kessler*, No. 18-80080-JCS, 2018 WL 3730434, at *9 (N.D. Cal. Aug. 6, 2018) (holding that anonymous speaker has standing to move to quash subpoena seeking identifying information).

Plaintiff served these Subpoenas in connection with its underlying lawsuit against Doe, which asserts claims for (i) defamation *per se* under New York law, (ii) tortious interference with prospective economic advantage, (iii) tortious interference with a contractual relationship, and (iv) injunctive relief based on the Doe's exercise of the constitutional right to free speech. In that lawsuit, Plaintiff alleges that Doe registered a domain, www.FightClickFraud.com, in February 2020 and that months later, in mid-June 2020, Doe sent pseudonymous e-mails (using the name "Jeff Katzenberg") to certain of Plaintiff's publicly advertised customers. (*See* Weitzman Decl., Ex. A ¶¶ 13–26.)

As the communications referenced by Plaintiff's complaint show, these e-mails introduced Doe as the owner of a "new blog about preventing ad fraud" (i.e., www.FightClickFraud.com) who was preparing an article about Spider Labs's purported anti-Ad Fraud technology. (Weitzman Decl., Ex.

---

[2] In this case, both subpoenaed third parties, Google and LinkedIn, reside in this judicial district, which is where compliance may be required. *See* Fed. R. Civ. P. 45(c)(2). Accordingly, venue in this judicial district for this Motion to Quash is proper. *See* Fed. R. Civ. P. 45(d)(3). Plaintiff's purported designation of a place of compliance in Denver, Colorado—which is more than 100 miles away from the third parties' residence in California—violates the Federal Rules of Civil Procedure and is an additional reason the Subpoenas are improper.

B.) In the e-mails, Doe stated that Doe "believe[s] [Spider Labs] might have committed fraud against you" because Spider Labs falsely "tell[s] customers that they are . . . accredited" by the Media Rating Council ("MRC"), and Doe further challenged the efficacy of Spider Labs's supposed "artificial intelligence based" anti-fraud technology. (*Id.*) Doe further stated that engineers tested Spider Labs's technology and "discovered there's nothing behind their platform" and that "it couldn't detect fraud." (*Id.*) Doe then asked the customer "whether or not" they knew that Spider Labs was not "actually MRC accredited even though they claim they are," and inquired whether the customer would provide a quote for the anticipated article. (*Id.*)

Because Doe used a pseudonym to communicate with Spider Labs's customers, Plaintiff is pursuing expedited discovery through these Subpoenas and others to uncover Doe's true identity. The Subpoenas direct the recipients to produce "all Identifying Information" regarding Doe, including names, addresses, e-mail accounts, location information, and IP addresses and IP logs. (*See* Weitzman Decl., Exs. C, D.)[3]

After receiving a notice of subpoena from Google on July 31, 2020, Doe, through undersigned counsel, communicated with Plaintiff's counsel on multiple occasions to request a copy of the other subpoenas Plaintiff had served, so that Doe could have a reasonable opportunity to object to the Subpoenas, but Plaintiff's counsel refused. (Weitzman Decl. ¶¶ 6–7.) Plaintiff's counsel ultimately relented on August 11—a mere three days before the purported subpoena compliance date of August 14—and provided undersigned counsel with a copy of the subpoenas to Google, LinkedIn, and two other service providers outside this District. (*Id.* ¶ 8.) Doe's counsel promptly notified Google and LinkedIn of Doe's intent to object to the Subpoenas, and requested that they defer any production of responsive materials until the Court resolves Doe's objections. (*Id.* ¶ 11.) In light of the upcoming August 14 subpoena response date, Doe files this Motion to lodge Doe's objections to the Subpoenas, to put the third parties and Plaintiff on notice of Doe's objections, and to request that this Court issue a ruling on a full evidentiary record regarding the lawfulness of the Subpoenas in light of Doe's

---

[3] Notwithstanding the Subpoenas' definition of "Identifying Information," Doe also objects to the extent the Subpoenas call for the production of the contents of Doe's electronic communications, in violation of the Stored Communications Act. *See* 18 U.S.C. § 2702(a).

constitutional rights under the First Amendment to the United States Constitution and Article I, section 2 of the California Constitution. (*Id.* ¶ 12.) Given the impending August 14 return date, Doe intends to supplement this Motion with additional materials, including a memorandum of points and authorities and supplemental declarations and exhibits, in support thereof. (*Id.* ¶ 13.)

As will be explained more fully in Doe's forthcoming memorandum of points and authorities and other supporting materials, the Subpoenas must be quashed because they violate Doe's constitutional right to engage in anonymous speech by gathering information to publish a blog, www.FightClickFraud.com, on the issue of Ad Fraud. It is well established that the First Amendment protects the right of an individual to engage in anonymous speech. *See, e.g.*, *McIntyre v. Ohio Elecs. Comm'n*, 514 U.S. 334, 341 (1995); *Krinsky v. Doe 6*, 159 Cal. App. 4th 1154, 1163 (2008). As both the Supreme Court and Ninth Circuit have recognized, anonymity is entitled to the same constitutional protections when involving speech on the Internet, including in private e-mails like the ones at issue in this case. *See Reno v. ACLU*, 521 U.S. 844, 870 (1997) ("[O]ur cases provide no basis for qualifying the level of First Amendment scrutiny that should be applied to [speech on the Internet]."); *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011) ("Although the Internet is the latest platform for anonymous speech, online speech stands on the same footing as other speech.").[4]

Because the Subpoenas implicate significant First Amendment considerations, this Court must apply a balancing test to determine whether Plaintiff has met its burden to use this Court's discovery power to unmask Doe's identity. *See In re Anonymous Online Speakers*, 661 F.3d at 1174–76. At a minimum, this requires Plaintiff to submit "sufficient evidence to establish a *prima facie* case for each

[4] Plaintiff's counsel has suggested in correspondence with undersigned counsel that the e-mails Doe wrote are not entitled to constitutional protection under the commercial speech doctrine. That is risible. While Doe's e-mails concerned a corporation's commercial offerings, it was not "commercial speech." "[E]conomic motive in itself is insufficient to characterize a publication as commercial," and the Ninth Circuit has acknowledged that even speech with "commercial references to products and services was not commercial speech." *Dex Media W., Inc. v. City of Seattle*, 696 F.3d 952, 960–61 (9th Cir. 2012). As long as the speech is not solely made to propose a commercial transaction, the speech is reviewed under the "test for fully protected expression"—particularly where the speech is "inextricably intertwined" with non-commercial elements. *Riley v. Nat'l Fed'n of the Blind of N. Carolina, Inc.*, 487 U.S. 781, 796 (1988); *see also Va. State Bd. of Pharm. v. Va. Citizens Cons. Council, Inc.*, 425 U.S. 748, 762 (1976) (standard for determining commercial speech is whether speech "does no more than propose a commercial transaction, is so removed from any exposition of ideas, and from truth, science, morality, and arts in general, . . . that it lacks all protection" (internal quotation marks and citation omitted)).

essential element" of its claim that would "survive a hypothetical motion for summary judgment." *Id.* at 1176 (citing *Doe v. Cahill*, 884 A.2d 451 (Del. 2005)); *see also Highfields Capital Mgmt., LP v. Doe*, 385 F. Supp. 2d 969, 974–76 (N.D. Cal. 2005) (it is "not enough for a plaintiff simply to plead and pray"; plaintiff must "adduce *competent evidence*" to "support a finding of *each* fact that is essential to a given cause of action"). Plaintiff has not—and cannot—meet its burden.

As Doe will explain in greater detail in its forthcoming memorandum of points and authorities, Plaintiff's lawsuit does not plead any viable claims, supported by a sufficient evidentiary basis, that can survive Doe's affirmative defenses, including based on the exercise of the First Amendment right to speak anonymously.

Plaintiff has utterly failed to bring a viable claim for "Defamation Per Se" for multiple reasons. As an initial matter, Plaintiff has not satisfied its burden to plead facts that would establish the falsity of the alleged statements.[5] *See Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 244 & n.6 (2d Cir. 2017) (because falsity has to be plausibly pleaded, conclusory allegations of falsity are insufficient). But even setting aside fatal pleading defects, the defamation claim fundamentally fails because the underlying e-mail speech at issue consists only of nonactionable opinions regarding what Doe "believe[d]" about the subjective quality of Plaintiff's commercial offerings and services, and thus are not and cannot be defamatory. *See Romeo & Juliette Laser Hair Removal, Inc. v. Assara I LLC*, No. 08-442, 2016 WL 815205, at *8 (S.D.N.Y. Feb. 29, 2016) (finding that pseudonymous Internet postings describing service as "slow" and noting that "plaintiff's employees were rude" are "largely matters of opinion" and not "actionable as false statements of fact"); *Grayson v. Ressler & Ressler*, 271 F. Supp. 3d 501, 516–17 (S.D.N.Y. 2017) (statement that the plaintiff-attorney was "unresponsive" to her clients was nonactionable opinion because the word has "no objectively discernible meaning"); *Gross v. N.Y. Times Co.*, 82 N.Y.2d 146, 155 (1993) ("[A]ssertions that a person is guilty of . . . 'fraud'" may be "nonactionable").

---

[5] Given that the complaint cannot even survive the pleading standard under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), it is inconceivable that Plaintiff can make the heightened evidentiary showing that is required under Ninth Circuit precedent. *See Anonymous Users Online*, 661 F.3d at 1176.

Furthermore, to the extent Doe's e-mails contained statements of fact at all, the record will establish that those statements are substantially true and were expressed by Doe only after Doe had conducted a reasonable inquiry and formed a good faith belief as to their truthfulness. *See Dillon v. City of New York*, 261 A.D.2d 34, 38 (N.Y. Sup. Ct. 1999) (plaintiff must show "fault as judged by, at a minimum, a negligence standard" to succeed on defamation claim). Indeed, the evidence will show that a central focus of Doe's e-mails was to expose misrepresentations that Plaintiff published in a press release regarding, among other things, its MRC industry accreditation—misrepresentations that Spider Labs was forced to acknowledge publicly mere days later as a result of Doe's e-mails—and to gather information for use in a blog article that Doe was preparing to publish.

Moreover, because Doe's speech involved matters of public concern about Plaintiff, a limited public figure in the Ad Fraud detection industry, Plaintiff must meet the heightened burden of showing that Doe acted with "actual malice," *New York Times Co. v. Sullivan*, 376 U.S. 254, 280 (1964), and in a "grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties," *Chapadeau v. Utica Observer-Dispatch*, 38 N.Y.2d 196, 199 (1975). In particular, Doe's e-mails address the issue of truth in advertising and cast light on the integrity of marketing and certification practices in the Ad Fraud industry, all of which unquestionably raise important matters of public concern. Additionally, as a business that holds itself out to be a "leading provider of anti-Ad Fraud services" with a "reputation as the provider of cutting-edge anti-Ad Fraud services" (Weitzman Decl., Ex. A ¶¶ 10, 37, 45), Plaintiff has injected itself into the public discourse as a limited public figure in this industry, which subjects Plaintiff's defamation claim to the constitutional actual malice standard. *See Romeo & Juliette*, 2016 WL 815205, at *9 (treating business as a limited-purpose public figure for purposes of defamation with respect to reviews of its services). Plaintiff's complaint, however, has not even attempted to plausibly allege that Doe acted with "actual malice." *Biro v. Conde Nast*, 963 F. Supp. 2d 255, 283 (S.D.N.Y. 2013) (dismissing defamation claim because "allegation of actual malice lacks plausibility"). Plaintiff therefore cannot satisfy its burden of adducing sufficient evidence to establish that Doe acted with "actual malice" or in a "grossly irresponsible manner."

As to Plaintiff's claims for tortious interference and injunctive relief, those claims are premised on a finding of defamatory speech and necessarily fail because, among other reasons, the alleged interference was based solely on Doe's privileged First Amendment speech. *See Hotel St. George Assocs. v. Morgenstern*, 819 F. Supp. 310, 320 (S.D.N.Y. 1993) (statements privileged under the First Amendment "cannot form the basis of a claim for tortious interference with business interests"); *MiMedx Grp., Inc. v. Sparrow Fund Mgmt. LP*, No. 17-7568, 2018 WL 847014, at *9 (S.D.N.Y. Jan. 12, 2018) ("First Amendment bar[s] claims for . . . tortious interference based on defendants' non-defamatory speech." (citation omitted)). Furthermore, Plaintiff's complaint has not identified any existing or prospective business or contractual relationship that was harmed by Doe's speech. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 115 (2d Cir. 2010) (dismissing tortious interference claim where complaint failed "to describe any third party with whom [plaintiff] had prospective business relations to be interfered with").

* * *

Because Doe's speech is fully protected by the First Amendment and because Plaintiff cannot establish that it has any viable claim, the Court should quash the Subpoenas. Additionally, pursuant to California Code of Civil Procedure 1987.2(c) and Federal Rule of Civil Procedure 45(d)(1), the Court should award reasonable attorney's fees and costs that Doe incurred in bringing this Motion to Quash. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) (the provisions of California's anti-SLAPP statute, including its fee shifting provisions, are applicable in federal diversity cases). To ensure the Court has a full opportunity to review the relevant legal arguments and supporting evidence, counsel for Doe respectfully requests leave to file, within a reasonable time, a memorandum of points and authorities (including additional materials and evidence) in support of this Motion to Quash, and for the Court to set an appropriate briefing schedule.

///

///

///

///

///

Dated: August 13, 2020

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: ______________________
Wesley Sze

MITCHELL A. KARLAN (*pro hac vice* forthcoming)
mkarlan@gibsondunn.com
AVI WEITZMAN (*pro hac vice* forthcoming)
aweitzman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

CASSANDRA L. GAEDT-SHECKTER, SBN 280969
cgaedt@gibsondunn.com
WESLEY SZE, SBN 306715
wsze@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94303-1211
Telephone: 650.849.5300
Facsimile: 650.849.5333

*Attorneys for Movant John Doe*